CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
May 16, 2024
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JEFF MAWYER,<br><br>               Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY<br><br>               Defendant. | Civil Action No. 5:24-cv-00029 |

## NOTICE OF REMOVAL

COMES NOW Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"), by counsel, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446(b)(1), and files this Notice of Removal to remove this action to this Court from the Circuit Court for County of Augusta. In support of this Notice, State Farm states the following grounds for removal:

1. On April 25, 2024, Plaintiff Jeff Mawyer ("Mawyer" or "Plaintiff") initiated this civil action with the filing of a Complaint in the Circuit Court for Augusta County, under the caption *Jeff Mawyer v. State Farm Fire and Casualty Company,* Case No. CL24001037-00 ("the State Court Action"). A true copy of the Summons and Complaint filed in the State Court Action, which was served upon State Farm (through its registered agent) on May 7, 2024, is attached hereto as **Exhibit 1**.

2. As alleged, this is an action on a Homeowners Policy of insurance (Policy Number 96-GU-2196-1) issued by State Farm to JEFF T MAWYER and MARY P MAWYER. Plaintiff seeks a recovery under the Policy for an alleged storm loss that reportedly occurred on or about April 26, 2022. *See* **Exhibit 1** (Complaint).

3. The Plaintiff's Complaint alleges in part that:

i. "Plaintiff owns a State Farm Insurance policy, number 46GU21961 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 357 Wyndham Hi11 Drive, Fishersville, Virginia 22939 ("the Property")."

ii. "State Farm or its agent sold the Policy, insuring the Property, to Plaintiff. State Farm represented to Plaintiff that the Policy included hail and windstorm coverage."

iii. "On or about April 26, 2022, the Property sustained extensive damage resulting from a severe storm that passed through the Fisherville, Augusta County, Virginia area."

iv. "In the aftermath of the storm, Plaintiff submitted a claim to State Farm against the Policy for damage to the Property. State Farm assigned claim number 4644S475H to Plaintiff's claim."

v. "Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy."

vi. "State Farm hired or assigned its agent, Kirk Munro, to inspect and adjust the claim. Munro conducted an inspection on or about January 27, 2023, according to the information contained in his estimate. Munro's findings generated an estimate of damages totaling $3,367.12. After application of depreciation and $4,045 deductible, Plaintiff was left with no funds to make repairs."

vii. "State Farm, through Munro, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpaid coverage."

viii. "State Farm has ultimately refused full coverage which includes, but is not limited to, replacement of the roof, window screens, gutters and downspouts, and repairs to window beading. Specifically, State Farm found that there was no damage caused to the roof of

      the property. The third-party inspector hired to review the damage to the Property found storm damage that was completely absent from the field adjuster's estimate."

ix. "The damage to Plaintiff's Property is currently estimated at $20,548.83."

x. "The disparity between the lack of damage identified by State Farm's report compared to the report from the third-party inspector is evidence of unfair claims handling practices on the part of State Farm."

xi. "State Farm misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage."

xii. "After reviewing Plaintiff's Policy, State Farm misrepresented that the damage was caused by non-covered perils. Through its adjuster, State Farm used expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy."

xiii. "As stated above, State Farm improperly and unreasonably adjusted Plaintiffs claim. Without limitation, State Farm misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy."

xiv. "State Farm made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. State Farm made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by State Farm's agents."

xv. "Plaintiff relied on State Farm's misrepresentations, including but not limited to those regarding coverage, the: cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of her reliance on these misrepresentations."

xvi. "Upon receipt of the inspection and estimate reports from Munro, State Farm failed to assess the claim thoroughly. Based upon the grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, State Farm failed to provide coverage due under the Policy, and Plaintiff suffered damages."

xvii. "Because State Farm failed to provide coverage for Plaintiff s insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs Property."

xviii. "Furthermore, State Farm failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, State Farm performed an unreasonable and substandard inspection that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff."

(**Exhibit 1**, Complaint at ¶¶ 3-20.)

4. The Plaintiff's Complaint alleges two counts. Count I of the Complaint, entitled "Breach of Contract", alleges in part that "Defendant breached the terms of the policy when they unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Virginia law by failing to pay for all benefits due to the Plaintiff"; that "[t]his breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the subject storm occurred"; and that "[b]y virtue of the breach of contract, Defendant is liable to and owe Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law." (**Exhibit 1**, Complaint at ¶¶ 22-24.)

5. Count II of the Complaint, entitled "Violation of Virginia Consumer Protection Act", alleges that "[a]t all times relevant hereto, Defendant was acting as a supplier as defined in § 59.1-198 of the Code of Virginia"; that "[t]he Contract was a consumer transaction as defined in § 59.1-198 of the Code of Virginia"; that "[t]he services provided by Defendant pursuant to the Contract were services as defined in § 59.1-198 of the Code of Virginia"; that "Plaintiff has suffered actual damages as a result of Defendant's violation of the VCPA including the cost of the repair of defective work, delay, and increased completion costs"; and that "[i]n accordance with the VCPA, Plaintiff is entitled to recover his actual damages; plus three times the amount of those damages along with his attorney's fees and pre- and post-judgment interest thereon as a result of Defendant's conduct described more fully above." (**Exhibit 1**, Complaint at ¶¶ 26-30.)

6. The Plaintiff's Complaint demands a judgment against State Farm:

A) "For actual damages of not less than $20,548.83;"

B) "For three times Plaintiff's actual damages in accordance with the Virginia Consumer Protection Act;"

C) "For pre- and post-judgment interest on all amounts awarded to Plaintiff as damages;"

D) "For Plaintiff's attorney's fees and costs in accordance with Va. Code § 38.2-209;" and

E) "For Plaintiff's attorney's fees and costs in accordance with the Virginia Consumer Protection Act, *Prospect Dev. Co. v. Bershader*, 258 Va. 75 (1999) …"

(**Exhibit 1**, Complaint at p. 5.)  The Cover Sheet For Filing Civil Action filed by Plaintiff's counsel in the State Court Action (and served upon State Farm) alleges that "Damages in the amount of $499,999.99 are claimed" by Plaintiff. (*Id.*, Cover Sheet For Filing Civil Actions).

7. Upon information and belief, Plaintiff Jeff Mawyer is and has been at all relevant times hereto an individual resident and domiciliary of August County, Virginia, and therefore a citizen of Virginia. (*see* **Exhibit 1**, Complaint at ¶ 1.)

5

8. Defendant State Farm Fire and Casualty Company is and has been at all times relevant hereto an Illinois corporation with its principal place of business located in Bloomington, Illinois, and therefore a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1).[1]

9. State Farm, through its registered agent, was first served with process (the Summons and Complaint attached as **Exhibit 1**) in the State Court Action on May 7, 2024.

### GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

10. All procedural and substantive grounds for removal have been satisfied.

11. In accordance with 28 U.S.C. § 1441(a), this is a civil action brought in a State court of which the United States District Court for the Western District of Virginia, Harrisonburg Division has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), which provides in part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States …"

12. At all pertinent times, Plaintiff is and has been a citizen of Virginia, and Defendant is and has been a citizen of Illinois. The alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

13. 28 U.S.C. § 1446(a) provides in part that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal … containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon State Farm in

---

[1] *See State Farm Fire & Cas. Co. v. Rollins*, 187 F.Supp.3d 638, 640 (E.D. Va. 2016) ("State Farm Fire and Casualty Company ('State Farm') is an Illinois corporation with its principal place of business located in Bloomington, Illinois, and a citizen of the State of Illinois.").

the State Court Action is filed herewith.  *See* **Exhibit 1**.

14. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1).  The Defendant (through its registered agent) was first served with the Summons and Complaint filed in the State Court Action on May 7, 2024.

15. Additionally, this Notice of Removal is timely filed less than one (1) year after commencement of the State Court Action, in accordance with 28 U.S.C. § 1446(c).

16. The Defendant has this day served a notice of the filing of this Notice of Removal upon the Plaintiff, by counsel, and has forwarded said Notice (along with a copy of this Notice of Removal) to the Clerk of the Circuit Court for Augusta County for filing in accordance with 28 U.S.C. § 1446(d).

17. The United States District Court for the Western District of Virginia, Harrisonburg Division, embraces the place where the State Court Action is pending.

WHEREFORE, Defendant STATE FARM FIRE AND CASUALTY COMPANY gives notice that the aforementioned State Court Action is hereby removed to the United States District Court for the Western District of Virginia, Harrisonburg Division.

    Respectfully submitted,

    STATE FARM FIRE AND CASUALTY COMPANY

Date: May 16, 2024    By:    /s/ *Alexander S. de Witt*
    Alexander S. de Witt, Esq. (VSB # 42708)
    BUTLER SNOW LLP
    919 East Main Street, Suite 600
    Richmond, VA 23219
    Phone: (804) 762-6030
    Direct: (804) 762-6026
    Fax: (804) 762-6031
    E-mail: alex.dewitt@butlersnow.com
    *Counsel for Defendant State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **16th** day of May, 2024, a true copy of the foregoing NOTICE OF REMOVAL was delivered by e-mail and by first-class U.S. mail, postage prepaid, to the following counsel of record for Plaintiff:

Drew Stifel, Esq.
MARTIN WREN P.C.
400 Locust Ave., Suite 1
Charlottesville, VA 22902
dstifel@martinwrenlaw.com

    /s/ *Alexander S. de Witt*
Alexander S. de Witt, Esq. (VSB # 42708)
BUTLER SNOW LLP
919 East Main Street, Suite 600
Richmond, VA 23219
Phone: (804) 762-6030
Direct: (804) 762-6026
Fax: (804) 762-6031
E-mail: alex.dewitt@butlersnow.com

8